IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEVINDRA INVESTMENTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:24-CV-097-Z-BR |
| | § | |
| WESCO INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION TO LIMIT
PLAINTIFF'S RECOVERY OF ATTORNEY'S FEES**

Before the Court is Defendant Wesco Insurance Company's amended Opposed Motion to Limit Plaintiff's Recovery of Attorneys' Fees. (ECF 32). Pursuant to § 542A.007(d) of the Texas Insurance Code, Defendant moves the Court to preclude Plaintiff Devindra Investments, Inc. from recovering any attorney's fees incurred after July 25, 2024. (*Id*. at 6). The sole issue is raised by Plaintiff's timely presentation of adequate notice to an independent adjuster retained by a third-party claims administrator on Defendant's behalf, but not to Defendant directly. After considering the arguments of the parties and applicable law, the Court finds the Motion should be GRANTED IN PART by limitation of Plaintiff's recovery of attorney's fees and DENIED IN PART by precluding fees incurred after July 26, 2024.

## I.     BACKGROUND

The facts pertaining to this issue are not disputed by the parties.[1] This is an insurance dispute concerning property damage Plaintiff alleges resulted from a May 10, 2022 hailstorm.

---

[1] Citations to the record in this section are to the Plaintiff's Original Complaint, (ECF 1), Defendant's First Amended Answer, (ECF 26), Defendant's amended Opposed Motion, (ECF 32), with its supporting Appendix, (ECF 33), and Brief, (ECF 34), and Plaintiff's response, (ECF 27).

(ECF 1 at 2). Defendant issued a commercial property insurance policy to Plaintiff on the property. (*Id.*; *see also* ECF 26 at 2). Plaintiff's insurance claim was assigned to a third-party adjuster ("Mr. Young") who worked for Crawford & Company, which is not a party to this suit. (ECF 1 at 2; *see also* ECF 26 at 2, ECF 27 at 1-2, *and* ECF 34 at 1-2). On December 28, 2023, Plaintiff sent a § 542A Presuit Notice and Demand Letter to Mr. Young. (ECF 27 at 2, ECF 34 at 2). On May 9, 2024, Plaintiff initiated this suit by filing an Original Complaint in this Court. (ECF 1). Defendant filed an Answer on June 26, 2024, (ECF 10), and an earlier version of the pending Motion on July 26, 2024, (ECF 16).

With leave of the Court, (*see* ECF 25, 31), Defendant filed a First Amended Answer on August 16, 2024, (ECF 26), and an amended version of the Opposed Motion to Limit Plaintiff's Recovery of Attorneys' Fees on October 14, 2024, (ECF 32). Plaintiff filed a Response to the original version of the Motion, (ECF 27), and has asked the Court to apply that Response to Defendant's amended Motion. (*See* ECF 38).

Finally, in response to remarks by Plaintiff regarding ongoing discovery, the Court set a deadline of January 31, 2025 for either party to move for leave to supplement the record pertaining to the instant Motion. (ECF 39). That deadline passed without a filing from either party, so the undersigned now finds that the matter is ripe for decision.

## II.   JURISDICTION

As a threshold matter,[2] the Court has subject matter jurisdiction in this case under 28 U.S.C. § 1332(a)(1) because the parties are citizens of diverse states and the amount in controversy exceeds $75,000. The undersigned is authorized to issue this Order because the presiding judge

---

[2] *See generally Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657 (5th Cir. 2024) (explaining the standards that must be met to confirm subject matter jurisdiction at each stage in litigation). Because this case is at the pleadings stage, this subject matter determination is based on the distinct, affirmative allegations in the pleadings. *Id*.

2

has referred all non-dispositive motions not pertaining to expert witnesses to the undersigned for determination. (ECF 4).

Plaintiff is a corporation formed under the laws of Texas and has its principal place of business in Texas. (ECF 43). Defendant is a corporation formed under the laws of Delaware and has its principal place of business in Ohio. (ECF 19 at 1). Because Plaintiff is a citizen of Texas only, and Defendant is a citizen of Delaware and Ohio, this case is between citizens of different states for the purposes of 28 U.S.C. § 1332. *See, e.g.*, *Ill. Cent. Gulf. R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). Plaintiff has claimed damages exceeding $1,000,000. (ECF 1 at 3; *see also* ECF 27-4 at 4). Accordingly, the Court has original subject matter jurisdiction in this case.

### III. APPLICABLE LAW

Chapter 542A of the Texas Insurance Code applies to first party insurance claims made under Texas law and resulting from forces of nature such as hailstorms. Tex. Ins. Code § 542A.001(2). That chapter requires that a claimant provide presuit notice to any person from whom the claimant seeks damages, and it establishes various criteria such notice must meet. *Id*. § 542A.003(a)-(c). It also includes a provision that,

> "If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer…at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending." *Id*. § 542A.007(d).

The parties do not dispute that Defendant was entitled to presuit notice under this chapter, that the presuit notice provided by Plaintiff contained what it was required to contain under the chapter, or that Defendant's motion to limit recovery of attorney's fees was timely filed under the

chapter. The sole dispute between the parties is whether Plaintiff's delivery of the presuit notice to Mr. Young defeats Defendant's invocation of § 542A.007(d).

The Court is not aware of, and the parties have not pointed to, any case law interpreting this chapter of the Texas Insurance Code in a context where presuit notice was provided to an independent adjuster hired by a third-party claims administrator, rather than directly to the insurer.

## IV.    ANALYSIS

### A.    The Arguments of the Parties

Defendant argues that the statute requires the Plaintiff to give presuit notice directly to the insurer because the insurer is "the person" from whom the Plaintiff seeks damages. (ECF 34 at 4) (citing Tex. Ins. Code § 542A.003(a)). Defendant further argues that service of notice "upon an independent adjuster or other agent of the insurer" is not contemplated by the statute, because the legislature specifically referred to agents of the insurer in other sections of the same chapter. (ECF 34 at 4-5) (citing Tex. Ins. Code § 542A.006 as an example).

Plaintiff responds that, in this case, "the independent adjuster is the functional equivalent of a claims employee of an insurer." (ECF 27 at 2). Comparing the question to that of whether communications with the adjuster are covered by the attorney-client privilege, Plaintiff alleges that Mr. Young was responsible for performing a key job for Defendant, that he had a continuous and close relationship with Defendant, and that Mr. Young was the first recipient of information about the insurance claim that forms the foundation of this lawsuit. (*Id*. at 3-5). Plaintiff also asserts that the Texas Insurance Code does not generally distinguish between in-house adjusters employed by an insurer and independent adjusters working for third-party claims administrators retained by the insurer. (*Id*. at 4).

4

The Court does not agree with either party as to the proper approach to this question of first impression. Defendant's position, taken to the extreme, would preclude recovery of attorney's fees in all suits but those where the insurer was an individual natural person, because in all other cases, presuit notice can only be provided to the insurer by way of notice to some agent, employee, or representative of the insurer.

On the other hand, the Court is not prepared, particularly under the specific facts of this case as currently presented in the record, to declare that provision of the required presuit notice to an independent adjuster retained by a third-party claims administrator on behalf of the insurer is always adequate as a matter of law. It is not clear from the record that service of presuit notice on Mr. Young was sufficient to provide Defendant with adequate notice in this instance. (*See* ECF 27-2 at 4-5) (documenting email correspondence in which Mr. Young confirmed receipt of Plaintiff's presuit notice letter, but expressed confusion about its significance to his employer Crawford & Company, and indicated that he did not understand Defendant to be his or his employer's client).[3]

B. *The Purpose of the Statute*

The Court finds this issue is best resolved by looking to the legislative intent of the statute and to the plain meaning of the words chosen to implement that intent. The purpose of provisions requiring presuit notice in Texas law is generally "to discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (interpreting a similar provision in the Texas Business and Commerce Code), *and Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F. Supp. 3d 534, 536 (S.D. Tex. 2021) (citing *Hines*

---

[3] One may infer from the record and the pleadings a direct "chain" of some sort existed from Mr. Young to Crawford & Company, from Crawford & Company to AmTrust, a third-party claims handler, and from AmTrust to Defendant, but the record does not clearly show the relationships among each person or entity in that chain. *See infra*, n. 7.

5

in reference to chapter 542A insurance disputes); *see also NewcrestImage Holdings, LLC v. Travelers Lloyds Ins. Co.*, No. 2:23-cv-39, 2023 WL 6849999 (N.D. Tex. Oct. 17, 2023).

To achieve that purpose, Texas law requires claimants to wait to file suit for at least sixty days after providing certain information to an insurer. Section 542A establishes two possible consequences if a plaintiff does not wait for the required time. One is that, if presuit notice was inadequate in any way, proceedings may be abated. Tex. Ins. Code § 542A.005(a)(1) *and* (b)(1). The other is that, if presuit notice does not set forth the specific amount alleged to be owed by the insurer,[4] the recovery of attorney's fees may be limited. *Id.* § 542A.007(d). In a case where both abatement and limitation of fees are on the table, the choice is left to the defendant, who must move for one or the other in accordance with certain procedural requirements. *See Rahe v. Meridian Sec. Ins. Co.*, No. 3:21-cv-545, 2022 WL 614995 (N.D. Tex. Feb. 28, 2022).

The requirement that a plaintiff provide notice and then wait a specified time before filing suit is set out in a different section from either of those establishing remedies for defendants. A plaintiff's obligation to give timely, adequate notice is imposed as a straightforward duty and as a prerequisite to filing suit.[5] Tex. Ins. Code § 542A.003(a)-(b). Neither section establishing a defendant's remedies frames its applicability in terms of a plaintiff's discharge of this duty. Instead, each section, by its own terms, is triggered by the violation of a defendant's right to receive

---

[4] The undersigned notes a split between judges in this District on the question of whether presuit notice stating the specific amount alleged to be owed, but not otherwise complying fully with the general requirements of Chapter 542A, is sufficient to preserve a plaintiff's recovery of attorney's fees. *Compare Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No 7:21-cv-114, 2022 WL 2719630 (N.D. Tex. Apr. 12, 2022) (finding that all the criteria of § 542A.003(b) must be satisfied) *with Nisha Hosp. LLC v. Scottsdale Ins. Co.*, No. 3:22-cv-1811, 2022 WL 17417995 (N.D. Tex. Dec. 2, 2022) *and Compound S., LLC v. State Auto. Mut. Ins. Co.*, No. 5:23-cv-70, 2024 WL 858011 (N.D. Tex. Jan. 31, 2024) (each finding that only the amount owed criterion in § 542A.003(b)(2) needs to be satisfied). The instant case does not require a resolution of this question, but the issue highlights the ways in which interpretations of Chapter 542A are still developing.

[5] Chapter 542A was added to the Texas Insurance Code in 2017, and comes from a tradition of presuit notice requirements that at one time could result in outright dismissal of some actions filed by noncompliant plaintiffs. *See Hines*, 843 S.W.2d at 468, *and Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934, 938 (Tex. 1983).

6

the mandatory notice. *Id.* § 542A.005(a)(1), (b)(1) ("A person…may file a plea in abatement…if the person did not receive a presuit notice…The court shall abate the action if the court finds that the person filing the plea in abatement did not, for any reason, receive a presuit notice."); *and id.* § 542A.007(d) ("If a defendant…pleads and proves [it] was entitled to but was not given a presuit notice…the court may not award to the claimant any [precluded] attorney's fees").

The difficulty of this case stems from the fact that Plaintiff attempted to discharge its duty under the statute, but Defendant appears not to have enjoyed the correlated right. The remedies provided to defendants under Chapter 542A are intended to be adjudicated very early in the cases to which they apply. *See* Tex. Ins. Code § 542A.005(a) *and* (c)(2) (requiring a defendant to plead in abatement within 30 days after answering and giving plaintiffs only ten days to respond to such pleadings); *see also* Tex. Ins. Code § 542A.007(d) (setting the same deadline for a defendant to plead for limitation of attorney's fees). Certainly, no insurer would be permitted to avoid statutory awards of attorney's fees by operating only through independent adjusters and/or third-party claims administrators that never relayed back to them any communications from their insureds. It is also clearly the responsibility of claimants to deliver the mandatory notices to the necessary recipients. Surely, courts should not be expected to make fact-intensive inquiries within the first several months after a case has been filed about precisely who did or did not receive the statutory notice when the parties have not provided that information.

Plaintiff was obligated to provide presuit notice to Defendant no later than March 9, 2024, the sixty-first day before Plaintiff filed suit in this court. Though Plaintiff provided notice to the independent adjuster Mr. Young on December 28, 2023, the record before the Court does not clearly establish that, in this case, that was sufficient to discharge Plaintiff's obligation. Defendant pleaded and proved by affidavit that it was not given the presuit notice to which it was entitled.

(ECF 26 at 5-6, 1-2). Plaintiff has not provided any evidence that Defendant was given or did receive the presuit notice to which it was entitled,[6] other than an email from Mr. Young stating he would provide the notice to Crawford & Company's legal department. The record is devoid of any evidence as to what happened, if anything, once Crawford and Company's legal department presumably received the notice from Mr. Young.[7] This is especially significant considering the extensive delays the Court has granted the parties so that discovery on the matter could be conducted. (*See* ECF 31, 36, 39). Accordingly, the Court finds that Defendant has met the requirements imposed by Texas law, and Defendant's motion should therefore be granted.

C.   *The Date of Limitation*

Though not addressed by the parties in their briefing, the Court notes certain procedural details in the history of this litigation that impact the date past which Texas law limits Plaintiff's recovery of attorney's fees. As explained above, the statute precludes recovery of "any attorney's fees incurred after the date the defendant files the pleading [that the defendant was entitled to but was not given a presuit notice] with the Court." Tex. Ins. Code § 542A.007(d). The statute also requires that "a pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer." *Id*.

Defendant first filed its Answer to Plaintiff's Original Complaint on June 26, 2024. (ECF 10). Defendant then filed a First Amended Answer on July 25, 2024, and here included for the first time the pleading and associated affidavit pertaining to presuit notice under Chapter 542A. (ECF

---

[6] *Cf*. Tex. Ins. Code § 542A.005(c)(2) (permitting a plaintiff to defeat automatic abatement of an action by filing an affidavit controverting a defendant's verified plea).

[7] As noted above, *supra* n. 3, it appears from the record and the pleadings that Defendant retains AmTrust Financial Services, Inc. (or perhaps "AmTrust North America," (ECF 27 at 1)) as a third-party claims handler. (ECF 26 at 11). It was AmTrust that retained Crawford & Company. (ECF 27-1 at 1). Other than Plaintiff's counsel delivering the notice to Mr. Young and Mr. Young forwarding it to Crawford & Company's legal department, there is no evidence from either party of any other attempted or actual communication of the notice between persons or entities.

15). Defendant's original version of the motion to limit plaintiff's recovery of attorney's fees was filed the following day, July 26, 2024, the thirtieth day after Defendant's original Answer was filed. (ECF 16). In both the original and amended versions of the Motion, Defendant's request is that the Court preclude recovery of any attorney's fees incurred after July 25, 2024. (ECF 16 at 2 *and* ECF 36 at 6).

However, Defendant filed the July 25, 2024 amended answer more than 21 days after filing its original answer, did not include any indication of Plaintiff's consent to the amendment, and did not obtain prior leave of the Court. As such, that filing was in violation of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1)-(2). Accordingly, the Court ordered the amended answer stricken and unfiled. (ECF 20). Defendant's First Amended Answer was then filed, upon a granted motion for leave of the Court, on August 16, 2024. (ECF 26). The undersigned, as a result, faces a question the parties have not disputed or briefed: what date is relevant under the statute?

Though distinguishable, the Court dealt with a similar issue in *NewcrestImage*, 2023 WL 6849999, at *6. There, the defendant included pleadings satisfying § 542A.007(d) in its original answer, but did not file a separate motion to preclude attorney's fees until 86 days later. *Id*. at *7. The Court, noting that the statute does not preclude a pleading "contained within a defendant's answer," but instead "provides only a deadline by which the pleading must be filed," ultimately held that the "30-day deadline in the statute [provides] an outer time limit for a defendant-insurer to assert it did not receive presuit notice." *Id*. The plaintiff's recovery of attorney's fees in *NewcrestImage* was limited to fees incurred on or before the date the defendant filed its original answer, that being the date on which the defendant had timely raised the defense afforded by the statute. *Id*. at *8.

The instant case is an inversion of the situation in *NewcrestImage*; here, the first filing still on the record in which Defendant asserted the defense under the statute was Defendant's original motion, filed July 26, 2024. (ECF 16). Just as the statute does not forbid that the relevant pleading be included within a defendant's answer, neither does it require that it first appear within a defendant's answer. Accordingly, the Court finds that the date on which Defendant filed the pleading that it was entitled to but not given notice was July 26, 2024. This pleading was timely, having been filed on the thirtieth day after Defendant filed an original answer; thus, the date of its filing is the date after which attorney's fees incurred by Plaintiff are unrecoverable under Texas law.

## V.   CONCLUSION

Accordingly, Defendant Wesco Insurance Company's Opposed Motion to Limit Plaintiff's Recovery of Attorneys' Fees, (ECF 32), is hereby GRANTED IN PART and DENIED IN PART. Because Defendant timely filed the pleading required by Texas Insurance Code § 542A.007(d) and has subsequently proved by affidavit that it was entitled to but did not receive presuit notice stating the specific amount alleged to be owed at least 61 days before the date that Plaintiff initiated this action, Texas law precludes the Court from awarding any attorney's fees incurred after July 26, 2024. Nothing in this Order should be construed to forbid or otherwise impede the introduction of evidence later in the case to show that Defendant did as a matter of fact receive the statutory presuit notice that Plaintiff delivered to Mr. Young on December 28, 2023 at least 61 days before Plaintiff's Original Complaint was filed.

IT IS SO ORDERED.

ENTERED February 19, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE